IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CHARLES MISSEL,

    Plaintiff,

v.

CXS TRANSPORTATION, INC.,
and UNITED TRANSPORTATION
UNION

                              No. 16-cv-1300-DRH-DGW

**ORDER**

**HERNDON, District Judge:**

Before the Court is defendant United Transportation Union's motion to dismiss pursuant to FED. R. CIV. P. 12(b) (1), (2), (4), and (5) (Doc. 23). Plaintiff filed a response opposing the motion (Doc. 27). For the reasons discussed below, the motion is granted.

The Seventh Circuit requires strict compliance with the rules concerning service of process. *See Mid-Continent Wood Products, Inc. v. Harris*, 936 F.2d 297, 301 (7th Cir. 1991) ("This court has long recognized that valid service of process is necessary in order to assert personal jurisdiction over a defendant") citing *Rabiolo v. Weinstein*, 357 F.2d 167 (7th Cir.1966). The Seventh Circuit goes on to state that "actual knowledge of the existence of a lawsuit is insufficient to confer personal jurisdiction over a defendant in the absence of valid service of

process." *Mid-Continent Wood Prod., Inc.*, 936 F.2d at 301. In this case, UTU is also a union, which is classified as an unincorporated association.

In order to obtain service in cases such as this, a plaintiff must serve the proper union entity. *See Coronado Coal Co. v. United Mine Workers of Am.*, 268 U.S. 295, 304 (1925) (establishing that an International is not automatically held liable for the actions of a local); *Cleveland v. Porca Co.*, 38 F.3d 289, 296 (7th Cir. 1994) (dismissal of the international union is appropriate where there was no evidence tying the International to the Local Union); *Bacino v. Am. Fedn. of Musicians*, 407 F. Supp. 548, 553 (N.D. Ill. 1976) ("the law has recognized that affiliates of a national or international labor organization are not presumed by the mere fact of their affiliation to be agents of the latter. Therefore, service of process on the affiliate does not constitute service on the national unless the party asserting the agency establishes that the affiliate does not have significant control over its own affairs.") (internal citations omitted).

Here, process was served on the General Chairman of Committee of Adjustment G0-436 (Doc. 15). UTU alleges that this entity "does not represent individuals on CSXT, let alone the Plaintiff" in this case (Doc. 23). In support of said allegation, UTU states:

> "SMART-TD is structured in three levels: the TD, which is headquartered in Cleveland, the GCAs, and locals. *United Transp. Union v. Chicago & Illinois Midland Ry. Co.*, 731 F. Supp. 1336, 1337 (C.D. Ill. 1990) ("UTU is comprised of three organizational levels: (1) the international; (2) over 300 general committees of adjustment; and (3) approximately 800 locals."). The General Committees are semi-autonomous bodies, responsible for

representing members. The TD is not an agent for service for the GCAs, nor are the Committee's agents for each other. T*hurston v. Burlington N. Santa Fe Corp.*, No. 07-CV-01229-REB-KMT, 2008 WL 511889, at *1 n.2 (D. Colo. Feb. 22, 2008) ("Defendant United Transportation Union General Committee of Adjustment ("GCA") is a semiautonomous mid-level body made up of the local chairpersons of each local under the jurisdiction of the GCA. The GCA is the final authority for grievance handling for UTU.")…"

(Doc. 23, pg. 4-5).

Defendant goes on to state that "if Plaintiff was employed by CSXT and represented by the former UTU [as he alleges], he would need to serve the General Committee who had jurisdiction over that portion of CSXT." The Court agrees. Because plaintiff delivered the summons and complaint to the wrong entity, service was clearly and plainly improper.

Accordingly, the Court **GRANTS** UTU's motion to dismiss for lack of personal jurisdiction (Doc. 23). The Court **DISMISSES** without prejudice plaintiff's claims against United Transportation Union. This case is now closed.

**IT IS SO ORDERED.**

Signed this 23rd day of May, 2017.

Digitally signed by Judge David R. Herndon
Date: 2017.05.23 15:00:22 -05'00'

**United States District Judge**